**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Elmer Jay CLARK, Defendant–
Appellant.**

No. 06–30304.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2007.

Filed April 16, 2007.

Helen J. Brunner, Esq., Carl A. Cola-surdo, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Jennifer E. Wellman, Esq., Federal Public Defender's Office, Western District of Washington, Seattle, WA, for Defendant–Appellant.

Before: O'SCANNLAIN and BERZON, Circuit Judges, and HADDON *, District Judge.

## MEMORANDUM **

Elmer J. Clark (Clark) appeals the district court's denial of his motion to suppress. The district court's finding of abandonment was clear error as there was insufficient evidence to objectively establish a denial of ownership or voluntary physical relinquishment by Clark of the property containing evidence sought to be suppressed. However, the search was conducted incident to a lawful arrest. Clark suffered no prejudice from the district court's reaching a proper result using erroneous rationale. Reversal is neither necessary nor appropriate. *See United States v. Doe*, 136 F.3d 631, 636 (9th Cir. 1998) (citing *United States v. Castillo–Felix*, 539 F.2d 9, 13 (9th Cir.1976)); *United States v. Todhunter*, 297 F.3d 886, 889 (9th Cir.2002) (stating that the court may affirm the district court's denial of a motion to suppress " 'on any basis fairly supported by the record' ") (quoting *United States v. Mariscal*, 285 F.3d 1127, 1129 (9th Cir. 2002)).

Clark also challenges the district court's consideration of evidence of predicate prior convictions in classifying him as a career criminal. Prior convictions are appropriate for consideration as sentencing factors. *Almendarez–Torres v. United States*, 523 U.S. 224, 243, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). The Judge, when applying the Armed Criminal Career Act based upon prior guilty pleas, is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Here, the district court properly reviewed charging documents, transcripts of plea colloquies, written plea agreements, and findings of fact of record for six of Clark's prior convictions as explicitly authorized by *Shepard*.

**AFFIRMED.**

---

* The Honorable Sam E. Haddon, District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

BERZON, Circuit Judge, dissenting.

I respectfully dissent. I would reverse the district court's ruling on the suppression motion on the abandonment ground and remand. The search-incident-to-arrest theory upon which the majority affirms was not reached by the district court, although it was raised, first, in the government's opposition to the motion to suppress.

The theory on which the majority affirms rests on factual premises that have not been resolved, necessary to determine whether there was probable cause to arrest for resisting arrest and related offenses (none of which were ever prosecuted). *See United States v. Ortiz–Hernandez,* 427 F.3d 567, 573 (9th Cir.2005) (per curiam) (noting the search-incident-to-arrest theory involves a mixed question of fact and law). The unresolved factual issues include, for example, whether Officer Kaffer instructed Clark to stop prior to grabbing him and whether Officer Clark pushed Clark off of the landing of the trailer and thereby created a danger of serious injury. *See State v. Bradley,* 141 Wash.2d 731, 10 P.3d 358, 361 (2000) (holding that the actual risk of serious injury is a defense to the charge of assaulting a police officer); *State v. Little,* 116 Wash.2d 488, 806 P.2d 749, 753 (1991) (holding that probable cause to arrest for obstruction exists when a defendant "refus[es] to stop when instructed to do so" pursuant to a valid *Terry* stop).[1] Also, there has been no finding concerning whether the pouch in which the gun was found was within the area that would satisfy the search incident to arrest criteria. *See United States v. Hudson,* 100 F.3d 1409, 1419 (9th Cir. 1996) ("A legitimate 'search incident to arrest' is limited to the arrestee's person and to the area 'within his immediate control,' meaning 'the area from within which he might gain possession of a weapon or destructible evidence.'" (quoting *Chimel v. California,* 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969))).

The defendant's brief asked for a remand if the abandonment ground was found improper. I believe that is exactly the relief that is appropriate. The plea agreement in this case allows the defendant to withdraw his plea if the ruling on the motion to suppress was reversed, and the government to reprosecute. Should the defendant not withdraw the guilty plea on remand, the conviction would stand. Should the guilty plea be withdrawn, the government could reprosecute, and could then seek a determination on the search-incident-to-arrest theory that was not decided by the district court on the first go round.

Proceeding via the shortcut sanctioned by the majority assumes factual determinations that have never been made. Because we may only affirm the denial of a motion to suppress "on any basis fairly *supported by the record,*" *United States v. Todhunter,* 297 F.3d 886, 889 (9th Cir. 2002) (emphasis added) (quoting *United States v. Mariscal,* 285 F.3d 1127, 1129 (9th Cir.2002)), I would not affirm on the present record. I therefore respectfully dissent.

---

1. The probable cause for the firearms offense that was prosecuted was developed only as a result of the search.